148 So. 755

## STATE v. CORBETT.
### 7 Div. 17.

Court of Appeals of Alabama.

June 8, 1933.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Motley & Motley, of Gadsden, for appellee.

No briefs reached the Reporter.

BRICKEN, Presiding Judge.

This is an appeal by the solicitor in behalf of the state in a habeas corpus proceeding wherein the petitioner was allowed bail in the sum of $3,000 by the Honorable O. A. Steele, judge of the circuit court, before whom the proceedings were had.

The statute provides, in cases of this character on appeal: "The case on appeal shall, when so certified, be docketed and submitted to and be considered and decided by the Appellate Court without delay.". Section 3238 of the Code 1923, as amended by the Acts of Alabama, 1927, pp. 76, 77.

The foregoing statute also provides: "Any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the Supreme Court or the Court of Appeals; and when, on habeas corpus, any person held in custody under a charge or conviction for crime, or for extradition as a fugitive from justice from another State, is discharged from such custody; or when any person held in custody under an indictment by the grand jury charging him with a capital offense is admitted to bail, the solicitor or other prosecuting officer or attorney may take an appeal in behalf of the State to the Supreme Court or Court of Appeals, and in all such cases the judgment must be suspended pending the appeal; but, except in capital cases, the party may give bail with sufficient sureties conditioned that he will appear before such court or officer as may be prescribed by the Judge, and abide the judgment rendered."

The petitioner in this case was in custody and detained by the sheriff under a warrant and commitment which charged her with the offense of an assault with intent to rob. As stated, after a full hearing of this matter, the circuit judge granted petitioner's writ and adjudged, ordered, and decreed that the defendant be admitted to bail in the sum of $3,000.

The right of the solicitor or other prosecuting officer or attorney to take an appeal in behalf of the state is restricted by the express terms of the quoted statute, supra, and is thus confined to cases: "When, on habeas corpus, any person held in custody under a charge or conviction for crime, or for extradition as a fugitive from justice from another State, is discharged from such custody; or when any person held in custody under an indictment by the grand jury charging him with a capital offense is admitted to bail." In such cases, when an appeal is taken in behalf of the state, the judgment must be suspended pending the appeal; but, except in capital cases, the party may give bail, pending such appeal by the state, with sufficient sureties conditioned that he will appear before such court or officer as may be prescribed by the judge, and abide the judgment rendered.

From the foregoing, it is clear that the solicitor had no right to appeal this case in behalf of the state, and the judgment of the court should not in this case have been suspended. But, pretermitting this, we have examined carefully the transcript of the record which has been sent up in this proceeding as the statute provides and requires and affirm in all things the action of the court in granting the petition and allowing bail as aforesaid.

The right of appeal on behalf of the state in cases of this character not being allowable, the purported appeal here attempted is dismissed.

Appeal dismissed.